UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jermaine Walker and
Albert Boyd,

      Plaintiffs,

v.                                           09-1177

Stephen Wright et al.,

      Defendants.

## Case Management Order

A status conference was held on October 19, 2009, by telephone. The plaintiffs appeared pro se, and Assistant IAG Lipka appeared on behalf of the defendants. All the defendants who survived merit review have appeared and have filed an Answer.

The plaintiffs filed this action when they were both incarcerated at Hill Correctional Center, alleging that they were not receiving a nutritionally adequate vegan diet required by their religion. Plaintiff Walker has since been transferred to Centralia Correctional Center, while Plaintiff Boyd remains at Hill Correctional Center. Confusion has ensued, the plaintiffs having difficulty coordinating their prosecution of this case from different prisons, and the court receiving uncoordinated motions from both plaintiffs. The Court concludes that severing this case into two separate cases is necessary to avoid this unnecessary confusion and delay. The severance will not prejudice the plaintiffs. This is not a class action and each plaintiff will be able to pursue his case just as easily (probably more so) on his own. Additionally, the evidence and relief sought for each plaintiff will be somewhat different now, since Plaintiff Walker is no longer at Hill. Walker's request for injunction relief is now moot. Severance will not prevent the plaintiffs from collaborating, to the extent allowed by prison rules. The court may consider consolidating the cases for purposes of trial if they survive summary judgment.

      IT IS THEREFORE ORDERED:

1) This case is severed into the following two separate cases: 1) *Jermaine Walker v. Stephen Wright et al.*, case no. 09-1177; and 2) *Albert Boyd v. Stephen Wright et al.*, which shall be assigned a new case number by the clerk. Plaintiff Albert Boyd is terminated from case 09-1177. The clerk is directed to assign the same law clerk number to Plaintiff Boyd's case as is assigned in Plaintiff Walker's case. The clerk is directed to docket this order in both cases. The clerk is further directed to notify the parties of the new case number in *Boyd v. Wright*.

2) The Court enters the following scheduling deadlines in both cases:

a)  Within 30 days of the entry of this order, the parties shall provide to each other the initial disclosures described in Fed. R. Civ. P. 26(a)(1)(i)-(ii), as modified below, specifically:

   (i) the name and, if known, the work title and work address (if applicable) of each individual likely to have discoverable information along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and

   (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

b)  Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by December 31, 2009.

c)  The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by January 29, 2010.

d)  Discovery closes March 31, 2010.  The plaintiff's incarceration limits him to written discovery.  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests are not filed with the court, unless there is a dispute regarding such discovery.  See CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

e)  Dispositive motions are due April 30, 2010.  A trial will be scheduled, if necessary, after the court rules on dispositive motions.

Entered this   21st   Day of   October, 2009.

                                                        s/Harold A. Baker
                                                        HAROLD A. BAKER
                                          UNITED STATES DISTRICT JUDGE