UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jermaine Walker,

    Plaintiff,

v.       09-1177

Stephen Wright et al.,

    Defendants.

## Case Management Order

The plaintiff pursues claims arising from the denial of a vegan diet that meets his religious and nutritional needs. He seeks to compel responses to his request for production of documents and his request for admissions. (d/e 48).

The court agrees with defendants that plaintiff's request for "any and all incidents reports or memos regarding occurrences on the dates in questions" is too broad and vague. The defendants have already provided the plaintiff a copy of all of his grievances and the responses thereto, and indicate that no further investigation was done beyond these documents. That is a sufficient response.

The court, however, will grant the motion to compel to the extent it seeks the plaintiff's relevant medical records. The medical records could be relevant to proving harm from the inadequate diet, and those records should be easy for the defendants to obtain. The defendants do not maintain that obtaining them is overly burdensome or expensive, and, generally "the responding party must bear the expense of complying with discovery requests ...." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S.Ct. 2380, 2393, 57 L.Ed.2d 253 (1978).

The court agrees with the defendants that the plaintiff's requests for admission are not proper requests for admissions. They are more like requests for production of documents or interrogatories. The defendants' responses were therefore appropriate. In any event, the plaintiff's request for the addresses and phone numbers and affidavits of potential witnesses he may call is not proper information to seek. If the plaintiff's case survives summary judgment, the court will attempt to secure witnesses who work for IDOC or are incarcerated in IDOC for the trial (by video appearance).

However, the plaintiff does seek some potentially relevant information, even though improperly phrased as an admission: the "food services master vegan menu and administrative directives [A.D. 05.02.145] for . . . March 13th, 2007 through 2010 year." Internal directives do

not set the constitutional standard, but the court cannot rule out that they might be relevant in some way or lead to relevant evidence.  This information will therefore be compelled, if not already produced.

    IT IS THEREFORE ORDERED:

    1) The plaintiff's motion to compel is granted in part (d/e 48).  The defendants are directed to provide the plaintiff's medical records covering the time period from January 1, 2008, through his incarceration at Hill Correctional Center.  The defendants are further directed to provide the "food services master vegan menu and administrative directives [A.D. 05.02.145]" for the time period from January 1, 2008, through his incarceration at Hill Correctional Center.  The plaintiff's motion is otherwise denied.

    2) The defendants are directed to provide to the plaintiff the information compelled in paragraph (1) above by June 30, 2010.  By July 14, 2010, the plaintiff may supplement his response to the pending summary judgment motion, based on the information compelled in this order.

    Entered this    9th    Day of    June    , 2010.

                              s/Harold A. Baker
                              HAROLD A. BAKER
                      UNITED STATES DISTRICT JUDGE