UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jermaine Walker,

    Plaintiff,

v.                                                                          09-1177

Stephen Wright et al.,

    Defendants.

## Order Granting Summary Judgment

The plaintiff alleges that he was denied a diet that met his religious and nutritional needs during his incarceration at Hill Correctional Center.[1] In the merit review order, the court identified a potential First Amendment claim, and possible claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Illinois Religious Freedom and Restoration Act (IRFRA).

The defendants have moved for summary judgment, which will be granted for the reasons set forth below.

### *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out

---

[1] There were originally two plaintiffs in this action, but the case was severed into two cases after the plaintiffs were no longer incarcerated at the same facility. (10/21/09 text order).

specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).

*Facts and Analysis*

The plaintiff is a Rastafarian, which he maintains requires him to refrain from eating animal products or byproducts or "unnatural foods." He was transferred from a different IDOC prison to Hill Correctional Center ("Hill") on February 8, 2008. He had been receiving a vegan diet in the prior prison. The plaintiff remained at Hill until July 1, 2009, when he was transferred to Centralia Correctional Center.[2]

After about three to four weeks, the plaintiff was approved to receive a vegan diet at Hill. The defendants maintain that this approval process was necessary to confirm the plaintiff's religion and to confirm that he was entitled to a vegan diet. In his response to the summary judgment motion, the plaintiff argues that this approval process is too long and completely unnecessary, because it takes only a few moments to check the offender tracking system to see if an inmate has already been approved for a vegan diet. This is a new and different claim that was not in the Complaint—the Complaint focused only on the adequacy of the vegan diet that was provided, not on the initial approval process. In any event, the court agrees with the defendants that the plaintiff did not exhaust his administrative remedies with regard to this claim. The plaintiff's grievances all concerned the failure of Hill to provide an adequate vegan diet that complied with the IDOC master vegan menu. The plaintiff asked "for the administration to adhere to the vegan menu. To be granted and served an adequate diet, including additional cold tray with variety of raw vegetables, variety of fruits, lettuce, soy meat, soy milk and vegan biscuits." (d/e 1-1, p. 8). In another grievance he asked for compliance with the master vegan menu and sought a "healthy adequate diet which includes an additional cold tray with variety of raw vegetables and fruits, lettuce salad, soy meat, soy milk, vegan biscuits, and roasted peanuts." (d/e 1-1, p. 12). He asserted that he was being denied "adequate protein, calcium, potassium, fiber, minerals and vitamins, etc." (d/e 1-1, p. 13). The purpose of the exhaustion requirement is to provide the prison system with notice and an "opportunity to address the situation internally, . . . ." *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). These grievances did not give notice of any problem with the initial approval process. The plaintiff cannot piggyback new claims on to the existing grievances.

Similarly, the plaintiff argues in his response that the vegan diet was heavily based on soy products, which he believes damaged his present and future health. This claim was not in the Complaint, nor was it in any of the grievances filed. To the contrary, the plaintiff's

---

[2]The plaintiff argues in his response that the transfer was in retaliation for his grievances, but that claim is not a part of this case either.

grievances actually requested soy meat and soy milk. The plaintiff therefore did not exhaust this claim. In any event, his assertion that the soy diet was harmful is conclusory and not supported by competent, admissible evidence.[3]

The plaintiff did exhaust his administrative remedies with regard to the nutritional adequacy of the vegan diet provided. *See grievances discussed above and ARB letter, d/e 1-1, p. 15*. The plaintiff did not need to name particular defendants to notify the administration of a problem with the adequacy of its food. The grievances gave the prison administrators notice of the problem and an opportunity to correct it. That is all that was necessary.

Whether the food adequacy claim has any substantive merit is a different question. On this record, the plaintiff has failed to show that the vegan diet that he was provided burdened the practice of his religion or that it was nutritionally inadequate.

The plaintiff asserts that substitutions from the general population diet were often made for the items listed in the master vegan diet menu. He does not, however, assert that those substitutions violated his religion in some way or made the food nutritionally inadequate. His assertions are simply too vague and conclusory to create a triable issue of disputed fact. He contended in his deposition that he did not receive soy milk for his dry cereal as required by the master menu, and received "artificial juice" instead of whole fruit, while the staff got 100% juice and fresh fruit. (Plaintiff's Dep. p. 29). This is not competent evidence that the plaintiff's diet was nutritionally lacking, much less that it amounted to an Eighth Amendment violation. He asserts that he was lacking the nutrients from the soy milk that were necessary for his health, but there is no evidence that he was indeed lacking these nutrients, which could have been provided from other items on the menu. Providing better food for the staff than the inmates did not violate the plaintiff's religion or make his diet nutritionally inadequate. It is clear that he perceives it as unjust, but it is not unconstitutional. He also asserted in his deposition that the soy crumbles are toxic, but there is no competent, admissible evidence to support that conclusion, and, in any event, the plaintiff did not exhaust this claim. (Plaintiff's Dep. P. 30). Similarly, his assertions that the food was unsanitary and unsafe are too vague and conclusory to create a triable issue for the jury. *See d/e 53-1*, p. 5.[4] The plaintiff offers no specifics, even though it would have been easy for him to keep track of the meals that he was served every day. He offers no evidence that he suffered any nutritional deficiencies, medical problems, or illnesses caused by the meals

---

[3]The parties do not address it, but the plaintiff also failed to exhaust his administrative remedies with regard to his claim that the defendants failed to serve "appropriate vegan meals" during Holy Passover week. (Complaint, para. 13). There court sees no grievances regarding that alleged failure.

[4]Additionally, the plaintiff's grievances did not notify the defendants of any problems with sanitation, such as serving spoiled food or food with insects and lint on it. As discussed, the plaintiff cannot piggyback new claims onto his grievances that complain about the failure of the defendants to follow the master vegan menu plan.

3

served. *Cf. Nelson v. Miller*, 570 F.3d 868, 874 (7th Cir. 2009)(inmate lost 40 pounds and was hospitalized three times because he was not provided non-meat diet in accordance with his religious beliefs). If he is contending that fresh, raw fruits and vegetables were necessary to sustain his health and were not provided, he has no evidence that the fruits and vegetables that were provided did not adequately perform that job.

Nor does the plaintiff assert that the master vegan menu violated any of his religious tenets. He contends that he never received any fresh, raw fruits and vegetables, but there is no evidence to support an inference that he believed that raw fruits and vegetables were required by his religion (as opposed to canned fruit and cooked vegetables), or that he suffered nutritionally. There is no evidence that the failure to provide raw, fresh fruits and vegetables constituted a substantial burden on the plaintiff's exercise of his religion. *Cf. Nelson v. Miller*, 570 F.3d 868, 879-80 (7th Cir. 2009)(complete denial of non-meat diet to Catholic inmate who believed that non-meat diet was required on Fridays and during lent to serve penance was a substantial burden on the practice of his religion). Even if the plaintiff believed that eating fresh, raw fruits and vegetables is required under his view of his religion, there is no evidence that the defendants were made aware of that view. His grievances focused on the defendants' alleged failure to follow the master vegan diet and the alleged failure to provide a nutritionally adequate diet. Nowhere in the grievances does the plaintiff explain that his religion requires only "natural" foods, much less explain that only raw fruits and vegetables would meet his religious requirements. The thrust of the plaintiff's complaint was that the master menu was not being followed, and that he also wanted fresh fruits and vegetables, peanuts, etc., which he believed were needed for his health. He has no evidence that the defendants ever knew that his request for particular foods outside of the master menu was based on his religious beliefs, much less that not providing them was a substantial burden on his ability to practice his religion. That knowledge would be essential for recovering damages for a constitutional violation against the defendants individually.[5][6]

---

[5]RLUIPA does not allow recovery against an individual for damages, and injunctive relief is no longer available, since the plaintiff is no longer incarcerated at Hill. *See Nelson v. Miller*, 570 F.3d 868, 883-339 (7th Cir. 2009). The RLUIPA claim has effectively dropped out, then. As for the IRFRA, only the Court of Claims would have jurisdiction over this claim to the extent it is against the State. *Id.* at 885. Whether IRFRA allows an action against in federal court against an individual for damages is a harder question. *Banks v. Dougherty*, 2010 WL 747870 *9 (N.D. Ill. 2010)(no IRFRA action against individual where statute applied to individual only because of his "his status as a state employee")(unpublished). The court need not address that issue, because there was no substantial burden on the plaintiff's exercise of his religion.

[6]There was never any debate over the authenticity or correctness of the plaintiff's religious beliefs. The defendants acknowledged that the plaintiff was entitled to a vegan diet. *Cf. Koger v. Bryan*, 523 F.3d 789, 794 (7th Cir. 2008)(prison officials cannot require an inmate to show that his religion compels a religious diet, if he sincerely believes that it does).

4

In sum, there is not enough evidence on this record for a rational juror to find that the food provided to the plaintiff at Hill Correctional Center substantially burdened the practice of the plaintiff's religion or failed to provide him with adequate nutrition. The plaintiff's diet may not have been as fresh or varied as he thought it ought to be, but there is no evidence that these deficiencies violated his legal rights. Accordingly, summary judgment is mandated to the defendants. The court need not address the defendants' other arguments for dismissal.

IT IS THEREFORE ORDERED:

1) The defendants' motion for summary judgment is granted (d/e 49). The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

Entered this   15th   Day of   October, 2010.

**\s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE